**Robert E. DAVIS, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 71–1455

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 30, 1971.

Robert E. Davis, pro se.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, E. Ray Taylor, Jr., Asst. U. S. Attys., Atlanta, Ga., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Robert E. Davis petitioned the district court to order the Veterans Administration to grant him compensation for service-connected disability. The district court denied relief; and we affirm the ruling on the basis of the reasons stated in the final order, which is appended hereto.

Affirmed.

APPENDIX

United States District Court
Northern District of Georgia
Atlanta Division

Robert E. Davis, Petitioner,

vs.

United States of America,
Respondent.

Civil Action Number 14499

This is a "petition for redress" which the Court will treat as a petition for a writ of mandamus. Petitioner is presently confined at the United States Penitentiary, Atlanta, Georgia, though he does not seek relief related to this confinement. He asks, instead, that this Court order the Veterans Administration to grant him disability compensation for a chronic arthritic condition allegedly incurred in the line of duty while he was in active military service.

Petitioner relates the following history concerning his military service and discharge. He served in the Air Force on active duty from August 7, 1947, until November 11, 1949, when he was hospitalized for his present condition. He remained on an inactive duty status, awaiting medical discharge, until July

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

12, 1950, when he was arrested by Texas authorities for car theft. He plead guilty to this charge, a felony under Texas law, and received a two year sentence. Due to these circumstances he was discharged from the Air Force with an undesirable discharge. Following service of the Texas sentence, petitioner alleges that he continued to suffer severe pain as a result of his arthritic condition, which led him to the use of drugs, which in turn resulted in his conviction under the federal narcotics laws and the sentence he is presently serving.

Petitioner processed his claim for disability compensation through the Atlanta office of the Veterans Administration. The claim was denied by that office and was likewise denied by the Board of Veteran Appeals, Washington, D. C., on appeal. These denials gave rise to the present petition.

 Title 38 U.S.C.A. § 211(a) provides that, with certain exceptions not relevant here:

"—The decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veteran's Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision."

It is thus apparent that there can be no *judicial review of the action complained of here.*

 The Court points out, however, that even if it were not precluded by statute from considering this matter, the petition would nevertheless have to be denied. Title 38, U.S.C.A. § 101(2) defines a "veteran", for the purposes of the Veteran's Administration title, as "a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions *other than dishonorable.*" (Emphasis added). Pursuant to statutory authority (38 U.S.C.A. § 210(c)) the Administrator has promulgated rules defining the circumstances under which

a discharge is "dishonorable." Specifically, these rules provide that:

"A discharge or release because of one of the offenses specified in this paragraph is considered to have been issued under dishonorable conditions.—"

"(3) An offense involving moral turpitude. This includes, generally, conviction of a felony." 38 C.F.R. § 3.-12(d).

As indicated in the opinion of the Board of Veteran Appeals, attached to the petition, this was the basis on which petitioner's claim was denied. It is clear that the Board acted within the limits of its power and that it owes no duty to petitioner to grant him disability compensation.

Accordingly, the petition is denied.

Let the petition be filed in forma pauperis.

It is so ordered.

This the 14th day of December, 1970.

/s/ SIDNEY O. SMITH, JR.
Sidney O. Smith, Jr.
United States District Judge